In the Matter of MAX COHEN, an Attorney, Respondent.

First Department, July 19, 1932.

*Einar Chrystie* of counsel [*John McKim Minton, Jr.*, with him on the brief], for the petitioner.

*William C. Relyea*, for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on June 1, 1925, at a term of the Appellate Division of the Supreme Court of the State of New York, First Department. In the petition herein he is charged with professional misconduct as follows:

In January, 1929, one Angelo Sabini was the owner of certificates for 250 cases of whisky stored in a bonded warehouse. He had negotiations with two persons named Gallagher and Clark regarding the withdrawal of the whisky from the warehouse, and on January 24, 1929, Sabini, Gallagher and Clark met in the office of the respondent for the purpose of continuing such negotiations. Clark was at that time employed as a United States revenue agent in the Prohibition Service. The respondent knew that Clark was so employed and also that Sabini had no permit to sell liquor. The respondent and the persons above named then participated in negotiations which resulted in an agreement to the effect that Clark and Gallagher were to withdraw the whisky and cause its delivery to Sabini for $2,500 plus the government tax of about $800. The money was not to be paid to Clark and Gallagher until they " had done their work." Eleven hundred dollars in cash was deposited with the respondent by Sabini in the presence of Clark and Gallagher which the respondent agreed to hold in escrow and to deliver to Clark and Gallagher when the whisky had been delivered to Sabini as agreed. Respondent gave Sabini a receipt for this money, of which the following is a copy:

> " Deposit Jan. 24/29
> " Received $1100
> " MAX COHEN
> " in escrow for this transaction."

Clark and Gallagher never secured the withdrawal of the whisky, and although Sabini demanded the return of the money from respondent, the respondent has failed to pay him any part thereof claiming that he has paid over the money to Clark and Gallagher except the sum of $175, retained as a fee for services alleged to have been rendered by him in the matter.

On May 2, 1929, Sabini instituted a summary proceeding against the respondent in the Supreme Court, New York county, to compel him to pay over said sum of $1,100. The respondent filed an affidavit in answer to the petition in that proceeding in which he described the agreement between the parties in the following

language: " Sabini was to pay $2,500 plus $825 tax. Gallagher and Clark were to have this merchandise released from the New York warehouse and delivered to Mr. Sabini in New York City at any point designated by him and no ferries or bridges were to be crossed in the course of delivery."

The motion was referred to a referee, who after a hearing filed a report to the effect that the proceeding should be dismissed upon the ground, among others, that the relationship of attorney and client between Sabini and the respondent had not been established. Subsequently, in July, 1929, an action was brought in the Queens County City Court against the respondent by Gustav Tucksmith, as assignee of Sabini's claim, to recover the $1,100. The complaint in this action alleges two causes of action, one for conversion of the $1,100 and the other for money had and received. After a trial before a judge and jury, in which both Sabini and the respondent testified, the jury returned a verdict for the full amount, and judgment was thereafter entered in the sum of $1,260.21 on April 11, 1930. No part of said judgment has been paid.

It is charged (1) that the respondent knowingly participated in a scheme to withdraw liquor contrary to law, and that in turning over the money received by him from Sabini to Clark and Gallagher he was guilty of bribing a United States revenue agent to induce him to secure the delivery of liquor illegally. It is further charged (2) that the respondent violated the terms of the escrow receipt under which he received the sum of $1,100 from Sabini, and (3) that he converted to his own use at least the sum of $175 thereof.

The respondent answered, denying the material allegations of the complaint. The matter was referred to an official referee to take testimony with respect to the charges and report the same together with his opinion thereon.

At the hearing the respondent amended his answer so as to admit certain of the allegations of the petition and to set up a special defense of *res adjudicata* based upon the fact that in a summary proceeding in the Supreme Court brought by Sabini to compel the respondent as attorney to return to Sabini the aforesaid $1,100, it was found that the said sum was turned over to Clark and Gallagher in the presence of and with the consent of Sabini; that the relationship of attorney and client never existed between Sabini and the respondent; that the respondent was never in fact nor was he intended to be an active participant in the transaction, and that the escrow receipt was never intended by the parties to mean that respondent was actually to retain in his possession the said $1,100.

The learned referee properly overruled this defense, and pro-

ceeded to take the testimony adduced by the petitioner in support of the charges.

The respondent did not testify in his own behalf. He offered, instead, his testimony in the aforesaid summary proceeding in the Supreme Court and in the City Court action. He was called to the witness stand by the petitioner and gave testimony that corroborated substantially all the facts upon which the charges are based, denying, however, the inferences which the petitioner claims should be drawn from said facts. The respondent further testified that he had no knowledge that Sabini had no permit for the withdrawal of the liquor; that he did not know it was illegal to obtain the withdrawal of liquor without a permit; that he did not know that Clark was a prohibition agent, and that he understood that his only duties in the matter were to oversee the transaction, to determine whether it was properly carried out and whether the final payment should be made. The respondent further testified that he did not at that time understand the meaning of the word " escrow," and thought it meant he had seen the payment over of the $1,100; that he understood that if Gallagher and Clark were not able to procure the delivery of the liquor the $1,100 was to be returned by them. He admitted that notwithstanding the fact that the deal fell through the $1,100 was never returned to Sabini; also that he had received from Gallagher $175 out of said $1,100, which he had retained. He further testified that he had received from Gallagher two bogus checks in purported return of the aforesaid $1,100, because of which he had Gallagher arrested and that in the Magistrate's Court he willfully gave false testimony against Gallagher to the effect that the checks in question had been given in consideration of the drawing of deeds and contracts. His excuse for this was that if it were to appear that the checks were for a liquor transaction he would not succeed in having Gallagher held.

The learned referee has found the respondent guilty of the charge of violating the terms of the escrow receipt under which he received from Sabini the sum of $1,100. The referee further reported that the evidence did not sustain the charge that the respondent knowingly participated in a scheme to withdraw liquor contrary to law and incidentally of bribing a United States revenue agent; also that the charge of conversion by the respondent of $175 was not sustained because the testimony showed this amount was paid the respondent for his services and disbursements.

The petitioner now moves that the respondent be adjudged guilty of professional misconduct as charged in the petition herein, and that the court take such action as it deem just and proper.

We hold that the record amply sustains the finding that the respondent violated the escrow agreement. There was no contradiction by the respondent of the circumstances attending the delivery of this receipt. When it was first delivered by respondent to Sabini it bore no signature. It was handed back and returned, and was again handed back to respondent by Sabini's son with the request: "Kindly put down why you have received this money." Thereupon the respondent wrote upon the receipt the words: "In escrow for this transaction." The testimony of the respondent that, although a member of the bar for four years, he used this term without understanding its meaning, is unbelievable. We quite agree with the following statement in the report of the referee: "It is inconceivable that the respondent, an attorney at law, would sign a paper to the effect that he received in escrow a sum of money to be paid upon the happening of a contingency, when in fact, as he claims, all he did was to take the money in one hand from one person and hand it to another. Certainly in permitting this money to leave his possession he betrayed his trust, and the fact that in the proceeding before the Magistrate, which he instituted against Gallagher, he showed a willingness to go to the extent of swearing to misstatements in an endeavor to recover the money for Sabini is corroborative of petitioner's contention as to respondent's obligation under this escrow receipt."

The flagrant and deliberate breach of trust by the respondent in turning over to Clark and Gallagher the money held in escrow and the giving of deliberately false testimony by the respondent in a concocted case admittedly wholly false, brought by the respondent in a court of justice for the purpose of obtaining money for alleged services which were never performed but were set up solely for the purpose of concealing the true facts, namely, that the money was paid in connection with an illegal liquor transaction, leads clearly to the punishment which should be accorded to this respondent.

Upon this record, whether the respondent was also guilty of the charge of knowingly participating in a scheme to withdraw liquor contrary to law and perhaps attempted bribery, it is not necessary now to determine.

Whether the respondent has deliberately committed perjury in the proceeding against Gallagher, we also do not now determine.

The respondent should be disbarred.

Merrell, McAvoy, Martin and Sherman, JJ., concur.

Respondent disbarred.